IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AQUAPOWER, LC, a Utah Limited Liability Company; and AQUAENERGY, LC, a utah Limited Liability Company,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVID G. YURTH; NOVA INSTITUTE OF TECHNOLOGY, LLC, a Utah limited liability company; JEFFERY J. FRANDSEN; SCOTT R. SCHREYER; MICHAEL S. KRALIK; CRIT RANDALL KILLEN; EDWARD G. PRICE; ENVIRONMENTAL POTENTIALS, INC., a Nevada corporation; LEONHARDT SCHROEDTER; ROGER L. CAREFOOT; and JOHN DOES 1-10,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTIONS FOR ATTORNEY FEES AND COSTS<br><br>Case No. 2:10-CV-568 TS |

This matter is before the Court on Defendants' Motions for Attorneys' Fees and Costs.[1] Defendants Randall Killen, Leonhardt Schroedter, and Roger Carefoot (collectivley "the Killen

[1]Docket Nos. 61 & 73.

Defendants.") move for attorney fees and costs under Section 8.11 of their Consulting Agreements, which states that fees and costs should be awarded to the prevailing party in any litigation, and under Utah Code Annotated § 13-24-5, which allows for attorney fees in instances of a trade secret misappropriation claim made in bad faith. Defendants David Yurth, Nova Institute of Technology LLC, Jeffery Frandsen, Scott R. Schreyer, and Michael S. Kralik (collectively "the Yurth Defendants") join in the Kellen, Defendants' Motion as to the prevailing party claim, but not the bad faith claim.

The Court will deny the motions without prejudice because they are premature.

## I. PREVAILING PARTY

Defendants all move for attorney fees as the prevailing parties in this matter. Section 8.11 of the Killen Defendants' Consulting Agreements state:

> Litigation Expenses: If a dispute requiring formal resolution in the form of arbitration or litigation arises, the prevailing party shall recover from the non-prevailing party all reasonable costs associated with such litigation or arbitration, including (but not limited to) attorney fees, arbitration fees, expert witness fees and all costs incidental thereto.

Section 10 of the Confidentiality Agreement signed by Yurth on Nova's behalf states: "In any action to enforce this Agreement, the prevailing party shall be entitled to its attorney's fees in addition to any other recovery awarded."

At a hearing held on February 25, 2011, the Court ruled from the bench and granted Defendants' Motions to Dismiss Aquapower's federal claims—but did so without prejudice. Aquapower was given twenty days to file an Amended Complaint. Because the Court granted

Aquapower's request to amend its Complaint, Defendants' requests for attorney fees and costs as the prevailing parties are premature. The Court denies the requests without prejudice.

## II. BAD FAITH UNDER THE UNIFORM TRADE SECRETS ACT

The Uniform Trade Secrets Act, codified in pertinent part at Utah Code Annotated § 13-24-5, states: "If a claim of misappropriation is made in bad faith, a motion to terminate an injunction is made or resisted in bad faith, or willful and malicious misappropriation exists, the court may award reasonable attorneys' fees to the prevailing party." "Awarding attorney fees under this statue is within the equitable discretion of the Court."[2] The Court has previously adopted the following requirements for finding bad faith under Uniform Trade Secrets Act as codified by Utah law:

> (1) that plaintiff's claims were objectively specious or frivolous, and (2) that there is evidence of subjective misconduct. Objective misconduct exists where there is a compete lack of evidence supporting Plaintiff's claims. Subjective misconduct exists where a plaintiff knows or is reckless in not knowing that its claim for trade secret misappropriation has no merit. Subjective misconduct may be proven by direct evidence of actual knowledge or may be inferred from the speciousness of plaintiff's trade secret claim and its conduct during litigation.[3]

The Killen Defendants argue that Aquapower brought its Uniform Trade Secrets Act claim in bad faith. In so arguing, they rely on the Court's language in its Memorandum Decision and Order Denying Aquapower's Motion for Preliminary Injunction.[4] Namely the Court stated

---

[2] *Hammerton, Inc. v. Heisterman*, 2008 WL 4057010, at *7 (D. Utah Aug. 25, 2008) (citing *Russy v. Ballard Med. Prods.*, 2007 WL 752164, at *2 (D. Utah Mar. 7, 2007)).

[3] *Id.* (internal quotation marks and citations omitted).

[4] Docket No. 53.

that in moving for a preliminary injunction, “Plaintiffs make no allegations relating to the conduct of any Defendant other than Defendant Yurth.”[5]

Aquapower argues that the Killen Defendants have not shown objective misconduct because the Court has never addressed the merits of Aquapower’s state-law based trade secrets claim. Additionally, Aquapower argues that the mere broad drafting of a motion for a preliminary injunction is not the type of subjective misconduct that demonstrates bad faith.

The Killen Defendants respond by arguing that objective and subjective misconduct was shown when Aquapower failed to submit any evidence to support its claims against the Killen Defendants in its Motion for Preliminary Injunction and by its failure to withdraw or dismiss the motion at the Killen Defendants’ oral request to do so.

The Court finds that its findings in the preliminary injunction decision were not sufficient to establish bad faith by Aquapower. Consequently, any finding of bad faith as to the Uniform Trade Secrets Act would be premature, and the Court denies without prejudice the Motion for Attorney Fees as to the Uniform Trade Secrets Act.

III. CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Defendants Killen, Schroedter, and Carefoot’s Motion for Attorneys’ Fees and Costs (Docket No. 61) and Defendants Yurth; Nova Institute of Technolgoy, LLC; Frandsen, Schreyer, and Kralik’s Motion for Attorneys’ Fees and Costs (Docket No. 73) are DENIED without prejudice.

---

[5] *Id.* at 8.

DATED February 28, 2011.

BY THE COURT:

TED STEWART
United States District Judge