IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AQUAPOWER, LC, a Utah Limited Liability Company; and AQUAENERGY, LC, a Utah Limited Liability Company,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVID G. YURTH; NOVA INSTITUTE OF TECHNOLOGY, LLC, a Utah limited liability company; JEFFERY J. FRANDSEN; SCOTT R. SCHREYER; MICHAEL S. KRALIK; CRIT RANDALL KILLEN; EDWARD G. PRICE; ENVIRONMENTAL POTENTIALS, INC., a Nevada corporation; LEONHARDT SCHROEDTER; ROGER L. CAREFOOT; and JOHN DOES 1-10,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTIONS FOR ATTORNEYS' FEES AND COSTS<br><br>Case No. 2:10-CV-00568 TS |

I. INTRODUCTION

This matter is before the Court on Defendants' Randall Killen, Leonhardt Schroedter, and Roger Carefoot (collectively "the Killen Defendants") and Defendants' David Yurth; Nova Institute of Technology, LLC; Jeffery Frandsen, Scott R. Schreyer, and Michael S. Kralik (collectively "the Yurth Defendants") Renewed Motions for Attorneys' Fees and Costs.[1] Both

---

[1]Docket Nos. 87 & 89.

Defendants previously filed Motions for Attorneys' Fees and Costs,[2] which were denied without prejudice for being premature.[3] For the reasons discussed below, the Court will grant the Motions.

## II. BACKGROUND

The Killen Defendants move for attorney fees and costs under Section 8.11 of their Consulting Agreements, which state that fees and costs should be awarded the prevailing party in any litigation. The Yurth Defendants join in the Killen Defendants' Motion as to the prevailing party claim. Section 8.11 of the Killen Defendants' Consulting Agreement states:

> Litigation Expenses: If a dispute requiring formal resolution in the form of arbitration or litigation arises, the prevailing party shall recover from the non-prevailing party all reasonable costs associated with such litigation or arbitration, including (but not limited to) attorney fees, arbitration fees, expert witness fees and all costs incidental thereto.

Section 10 of the Confidentiality Agreement signed by Yurth on Nova's behalf states: "In any action to enforce this Agreement, the prevailing party shall be entitled to its attorney's fees in addition to any other recovery awarded."

The parties do not dispute that the various agreements are binding and that pursuant to the agreements the prevailing party should be awarded attorneys' fees. Instead, the parties dispute whether Defendants are the prevailing parties and thus entitled to recovery under the agreements.

## III. DISCUSSION

"Under the American Rule, absent a statute or enforceable contract, a prevailing litigant is ordinarily not entitled to collect reasonable attorney fees from the loser."[4] "[W]here contracting parties have agreed that a breaching party will be liable for attorneys' fees, the purpose of the award is to give the parties the benefit of that bargain, and the court's

---

[2]Docket Nos. 61 & 73.

[3]*See* Docket No. 86.

[4]*Aguinaga v. United Food and Commercial Workers, Int'l Union,* 933 F.2d 1480, 1481 (10th Cir. 1993) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)).

responsibility is to enforce that bargain."[5]  "Normally where the court is merely enforcing a contractual provision authorizing attorneys' fees, the fees are routinely awarded and the contract is enforced according to its terms."[6]

Because this question involves the application of clauses contained in the agreements between the parties, the Court applies Utah law to determine whether Defendants qualify as a prevailing party.[7]

The Utah Supreme Court has held that "to be a prevailing party, a party 'must obtain at least some relief on the merits of the party's claim or claims."[8]  However, in *State v. One Lot of Personal Property*, the Utah Supreme Court further determined that a defendant is entitled to attorney fees when the plaintiff voluntarily dismisses its action before the court has a chance to consider it.[9]

Here, the Court was only unable to reach the merits of Plaintiffs' claims because Plaintiffs failed to file an amended complaint.  Plaintiffs' failure to file an amended complaint within the time allotted by the Court is equivalent to a voluntary dismissal of their claims.  Based on the logic of *One Lot*, Defendants are the prevailing party.  Plaintiffs' recognition of the apparent weakness of their claims, indicated by their decision not to file an amended complaint, should not relieve Plaintiffs of their contractual obligation to reimburse Defendants for their attorneys' fees.

---

[5]*U.S. for Use of C.J.C., Inc. v. W. States Mech. Contractors, Inc.*, 834 F.2d 1533, 1548 (10th Cir. 1987).

[6]*Id*.

[7]*Am. Nat. Fire Ins. Co. v. Farmers Ins. Exchange*, 927 P.2d 186, 188 (Utah 1996).

[8]*Ault v. Holden*, 44 P.3d 781, 793 (Utah 2002) (quoting *Crank v. State Judicial Council*, 20 P.3d 307, 318 (Utah 2001)).

[9]*See* 90 P.3d 639, 643 (Utah 2004) ("The fact that the State recognized the apparent weakness of its claim and voluntarily dismissed it before the district court had an opportunity to do likewise does not relieve the State of its obligation to reimburse the McKinleys for their attorney fees.  Any other rule would be fundamentally unfair to those defendants who are required to incur substantial fees defending a plaintiffs non-meritorious claims up to the point of the plaintiff's voluntary dismissal.")

Because the Court finds that Defendants are the prevailing party and entitled to recover under the terms of the agreements, the Court need not address the parties' other arguments.

IV.  CONCLUSION

It is therefore

ORDERED that the Killen Defendants' Motion for Attorneys' Fees and Costs (Docket No. 87) and the Yurth Defendants' Motion for Attorneys' Fees and Costs (Docket No. 89) are GRANTED.  The hearing set for Wednesday, June 8, 2011 is STRICKEN.

DATED   June 2, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge